## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**SERGIO E. ALAMIA,**

     **Petitioner,**

**v.**                             **Case No. 3:15cv21/MCR/EMT**

**JULIE L. JONES, SECRETARY**
**OF THE FLORIDA DEPARTMENT**
**OF CORRECTIONS,**

     **Respondent.**
_____/

### ORDER

This cause comes on for consideration upon the chief magistrate judge's Report and Recommendation dated February 3, 2016. ECF No. 31. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Having conducted the required *de novo* review of Petitioner's objections, the court finds that the Report and Recommendation should be adopted.

To address Petitioner's objections, the court notes that simply because the state trial court judge appointed counsel for Petitioner's appeal, but not for trial, does not mean that the trial court made an error at trial. There is an adequate factual foundation for the trial court's conclusions that Petitioner was not indigent at the time of trial. The trial court based its determination of Petitioner's financial status primarily on the fact

that Petitioner's monthly take-home income of between \$4,200 and \$4,250[1] placed him well over the financial eligibility standards for the appointment of counsel. *See* ECF No. 20-1 at 55, 66, 79. Further, the trial court observed that Petitioner, in essence, was granted over a year to save money for the retainer he needed to hire an attorney. *Id*. at 99-101. The trial court noted that in light of the evidence presented regarding his household income and expenses, Petitioner had "ample" means and opportunity to do so. *Id*. at 101. That Petitioner did not marshal his financial resources to that end does not render the trial court's determination unreasonable. *See* 28 U.S.C. § 2254(d)(1). The trial court thoroughly and repeatedly advised Petitioner of the dangers and disadvantages of self-representation. He had the means and was given numerous opportunities to hire an attorney but did not do so, and instead proceeded to trial *pro se*.[2] Petitioner was not denied his constitutional right to counsel at trial. Finally, when the trial court appointed appellate counsel for Petitioner on October 18, 2012, it found that a significant change in Petitioner's financial circumstances was imminent, as Petitioner's disability benefits from the Veteran's Administration were likely to be terminated because of his incarceration. ECF No. 20-4 at 354. Although the exact impact of this change on Petitioner's financial eligibility for appointment of counsel is

---

[1] On October 6, 2011 and again on April 24, 2012, Petitioner told the trial court that his take-home income was \$4,250 per month. ECF No. 20-1 at 55. On May 3, 2012, Petitioner clarified for the trial court that his monthly income, after taxes and other deductions, was approximately \$4,200, which consists of his military retirement of \$2,700 and disability benefits from the Veteran's Administration of \$1,500. *Id*. at 86-88.

[2] The court notes that, during the pendency of the state court proceedings, Defendant did save enough money to retain counsel for sentencing. ECF No. 20-4 at 343-344.

somewhat unclear, the trial court chose to "err on the side of caution" and find Petitioner insolvent for purposes of the appeal. ECF No. 20-5 at 1. That decision was not contrary to, nor did it involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d). In sum, the court agrees with the chief magistrate judge that Petitioner is not entitled to habeas relief. The court also denies a certificate of appealability as it finds that Petitioner has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Accordingly, it is **ORDERED**:

1.   The chief magistrate judge's Report and Recommendation is **ADOPTED** and incorporated by reference into this Order.

2.   The petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

3.   Petitioner's Motion to Expand the Record and Request for Evidentiary Hearing, ECF No. 30, is **DENIED**.

4.   Petitioner's request for a certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this 21st day of September, 2016.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**